**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES DAVID KNOLL,

    Plaintiff,

vs.                                                                Case No. 3:20-cv-206-J-34PDB

UNITED STATES OF AMERICA, and
INTEGON PREFERRED INSURANCE COMPANY,
a foreign profit corporation,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Additionally, the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. See, e.g., McCormick v. Aderholt, 293 F.3d

1254, 1257 (11th Cir. 2002) (citing Scoggins v. Pollock, 727 F.2d 1025, 1027 (11th Cir. 1984). The party invoking the Court's jurisdiction must also "identify an explicit statutory grant of subject matter jurisdiction." See Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015); see also Rule 8(a)(1), Federal Rules of Civil Procedure (Rule(s)) (requiring pleadings in federal court to contain "a short and plain statement of the grounds for the court's jurisdiction. . .").

On March 2, 2020, Plaintiff James David Knoll filed a Complaint (Doc. 1; Complaint) alleging two claims, one against each of the two Defendants in this case. See generally Complaint. Both claims arise from a motor vehicle collision that occurred on or about July 17, 2018, in Jacksonville, Florida.[1] See Complaint ¶¶ 1, 6. In Count I, Plaintiff alleges a claim of negligence against the United States of America (United States). See id. at 2, ¶¶ 7-10. In Count II, Plaintiff alleges an "Underinsured Claim Against Defendant Integon Preferred Insurance Company." See id. at 3, ¶¶ 10-17. In the section of the Complaint labelled "Jurisdiction, Parties & Venue," Plaintiff asserts that "this is a civil action for damages brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) & 28 U.S.C. §§ 2671-80. . ." Id. ¶ 1. Based on Plaintiff's identification of an explicit statutory grant of subject matter jurisdiction, the Court finds that Plaintiff has satisfied the requirements of Rule 8(a)(1) regarding Plaintiff's negligence claim against the United States. See Zelaya, 781 F.3d at 1322-23 (setting out the jurisdictional requirements of the Federal Tort Claims Act). However, upon review of the Complaint, the Court finds no statement of the grounds for the Court's jurisdiction over Plaintiff's claim in Count II against Integon Preferred Insurance Company. See generally Complaint. Therefore, the Court is unable to

---

[1] The facts recited here are drawn from the allegations in Plaintiff's Complaint and may well differ from those that ultimately can be proved.

determine whether it has subject matter jurisdiction over the claim in Count II of Plaintiff's Complaint.

Accordingly, it is hereby

**ORDERED**:

Plaintiff James David Knoll shall have until March 19, 2020, to provide this Court with sufficient information so that it can determine whether it has subject matter jurisdiction over the claim asserted in Count II of Plaintiff's Complaint (**Doc. 1**).

**DONE AND ORDERED** in Jacksonville, Florida on March 6, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc 27
Copies to:

Counsel of Record
Pro Se Parties